IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEEK SQUAD, INC., a wholly-owned )
subsidiary of BEST BUY STORES, L.P., )
)   Civil Action Number:
      Plaintiff, )
)   04 11075 RWZ
v. )
)   RECEIPT # 56160
)   AMOUNT $ 150
GEEK HOUSECALLS, INC., formerly )   SUMMONS ISSUED
EHLKE & CO., INC. )   LOCAL RULE 4.1
)   WAIVER FORM
      Defendant. )   MCF ISSUED
)   BY DPTY CLK.
)   DATE

## COMPLAINT

Plaintiff Geek Squad, Inc. ("Geek Squad") for its Complaint against defendant Geek Housecalls, Inc. ("Geek Housecalls" or "Defendant"), states and alleges as follows:

### PARTIES AND JURISDICTION

1. Geek Squad, Inc. is a Minnesota corporation, with its principal place of business in Minneapolis, Minnesota. Geek Squad, Inc. is a wholly-owned subsidiary of Best Buy Stores, L.P. Geek Squad is the owner all trademark rights in and to the marks "GEEK SQUAD" and "WE MAKE HOUSECALLS!" as well as other marks, designs, and images associated with Geek Squad, including the associated goodwill.

2. Defendant Geek Housecalls, Inc. is a Massachusetts corporation with its principal place of business at 401 Lowell Street, Suite 2, Lexington, Massachusetts 02420. Until February 23, 2002, defendant was a Massachusetts corporation that was incorporated under the name Ehlke & Co., Inc. Upon information and belief, defendant Geek Housecalls does business in this District and has committed acts of trademark infringement, trademark dilution, trade dress

Word 20092253.1

infringement, and other unlawful acts in this District, and is therefore subject to the jurisdiction of this Court.

3. This Court has jurisdiction over this Complaint and over this action pursuant to 28 U.S.C. § 1331 in that this action involves questions of federal law and 28 U.S.C. § 1338(a) in that this action involves claims for trademark infringement, trademark dilution and trade dress infringement, all under Title 15 of the United States Code. In addition, the Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332 because this is a civil action between two corporations of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) in that defendant Geek Housecalls, Inc. is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

*Geek Squad's Trademarks and Trade Dress*

5. Geek Squad is a company that is operating with one or more of an affiliated group of companies operating under the name BEST BUY. The Best Buy affiliated companies own and operate a well-known and successful chain of consumer electronics and household goods stores throughout the United States. That chain of stores is widely known and recognized by the name "BEST BUY." The Best Buy stores sell a variety of consumer electronics and household products, and each provides an array of services to its customers. Geek Squad was purchased by these companies on October 14, 2002.

6. Prior to that acquisition, Geek Squad has engaged in, and is now engaged in providing services including computer installation and repair, design of computers, computer

Word 20092253.1

software and computer networks. Geek Squad has been engaged in these services since at least 1994.

7. Geek Squad is the owner of certain United States Federal Trademark Registrations for the mark GEEK SQUAD, including the following:

U.S. Reg. No. 1,943,643: GEEK SQUAD (+ design), issued December 26, 1995

U.S. Reg. No. 2,023,380: GEEK SQUAD (+ design), issued December 17, 1996

U.S. Reg. No. 2,744,658: GEEK SQUAD, issued July 29, 2003

True and correct copies of the Geek Squad marks are attached to this Complaint as Exhibit A. These registrations are valid, subsisting and uncancelled.

8. Geek Squad has continuously used GEEK SQUAD as its trademark for its computer services since at least 1994, and is well known to consumers of services in the areas of design, installation and repair of computers, computer software and computer networks and to others. The Geek Squad marks are each distinctive, and each quickly generates a strong following and recognition among consumers.

9. Geek Squad has used and is now using the trademark/service mark WE MAKE HOUSECALLS!. The Geek Squad mark WE MAKE HOUSECALLS! has been in extensive use since at least June, 1999. There is also a substantial likelihood that Geek Squad has been using the mark WE MAKE HOUSECALLS! since 1997. Geek Squad's mark WE MAKE HOUSECALLS! is well known to consumers of services in the areas of design, installation and repair of computers, computer software and computer networks and others. On November 27, 2002, Geek Squad filed U.S. Trademark Application No. 78/189,720 directed to the mark WE MAKE HOUSECALLS! in International Classes 037 and 042.

Word 20092253.1

10. These registered trademarks and other marks are referred to collectively in this Complaint as "the Geek Squad marks."

11. Through experience, care, and skill, Geek Squad has become widely known and has acquired a reputation for excellence, outstanding customer service, and quality products. Geek Squad has consistently and continuously invested significant resources into the development of its reputation as a high quality, consumer-oriented computer support service provider. Geek Squad's well deserved reputation, goodwill, and name recognition are and have been derived from its commitment to quality, customer service, and customer satisfaction. As such, Geek Squad's reputation, goodwill, and trademarks are valuable assets to Geek Squad, and Geek Squad maintains those assets through consistent and continuous delivery of the products and services sought by consumers or purchasers of the types of products and services Geek Squad offers under the Geek Squad family of trademarks.

12. As a result of Geek Squad's long use and promotion of the Geek Squad marks in connection with design, installation and repair of computers, computer software and computer networks and others, the Geek Squad marks have become distinctive and serve to identify Geek Squad's high quality services, to distinguish Geek Squad's services from those offered or sold by others, and to distinguish the source or origin of Geek Squad's services. The relevant consuming public widely recognizes and associates the Geek Squad marks with Geek Squad and its services.

13. The Geek Squad marks are famous.

*The Defendant's Activities*

14. Upon information and belief, defendant Geek Housecalls, Inc. operated under the name Ehlke & Co., Inc. beginning in 1999. Long after the adoption and widespread use of the Geek Squad marks, defendant began a computer service company that provided services related

4

to the design, installation and repair of computers, computer software and computer networks, as well as other services. Defendant never used the mark GEEK HOUSECALLS until July 9, 2001. In February 2002, defendant changed its Articles of Incorporation to rename itself as Geek Housecalls, Inc.

15. Geek Squad is informed and believes that the use of the Geek Squad marks, or marks substantially similar to the Geek Squad marks, by the defendant is deliberate, and that defendant has used and continues to use these marks for the purpose of giving the defendant's products and services appeal, credibility and salability.

16. The unauthorized use of the Geek Squad marks, or marks substantially similar to the Geek Squad marks, falsely indicates to the relevant purchasing public that defendant's services are affiliated, connected, or associated with Geek Squad, or are sponsored, endorsed, or approved by Geek Squad, or are in some manner related to Geek Squad and/or its products or services.

17. The unauthorized use of the Geek Squad marks, or marks substantially similar to the Geek Squad marks, by the defendant in the manner described above will enable it to trade on and receive the benefit of the goodwill in the Geek Squad marks, which Geek Squad has built up at great labor and expense over many years.

18. The unauthorized use of the Geek Squad marks, or marks substantially similar to the Geek Squad marks, in the manner described above causes and will cause dilution of the distinctive quality of the Geek Squad marks.

19. The unauthorized use of the Geek Squad marks, or marks substantially similar to the Geek Squad marks, in the manner described above began after the Geek Squad marks had commenced and become distinctive and famous.

Word 20092253.1

20. The unauthorized use of the Geek Squad marks, or marks substantially similar to the Geek Squad marks, in the manner described above removes from Geek Squad the ability to control the nature and quality of the services provided under the Geek Squad marks, and places Geek Squad's reputation and goodwill at least in part in the hands of the defendant, over whom Geek Squad has no control.

21. Defendant's activities as outlined above can cause irreparable injury to Geek Squad, and unless restrained by this Court, will cause irreparable injury to Geek Squad and to the public. There is no adequate remedy at law for this injury.

## COUNT I

## INFRINGEMENT OF REGISTERED MARK, 15 U.S.C. § 1114

22. Geek Squad restates and realleges the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Geek Squad is the owner of the Geek Squad marks, all of which are used on or in connection with design, installation and repair of computers, computer software and computer networks.

24. Defendant is infringing upon Geek Squad's registered trademarks, including one or more of the following:

    U.S. Reg. No. 1,943,643:  GEEK SQUAD (+ design), issued December 26, 1995

    U.S. Reg. No. 2,023,380:  GEEK SQUAD (+ design), issued December 17, 1996

    U.S. Reg. No. 2,744,658:  GEEK SQUAD, issued July 29, 2003

25. Defendant's use of any one of these trademarks without Geek Squad's permission, consent, or acquiescence is infringement, is deceptive, and is likely to confuse, deceive, or cause mistake.

Word 20092253.1

26. Upon information and belief, defendant's acts described above constitute infringement that is willful, wanton, and with notice of Geek Squad's trademark rights.

27. This is an exceptional case pursuant to 15 U.S.C. § 1117.

28. Geek Squad has suffered injury in an amount to be determined at trial.

## COUNT II

## COMMON LAW TRADEMARK INFRINGEMENT

29. Geek Squad restates and realleges the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

30. Geek Squad is the owner of the Geek Squad marks, all of which are used on or in connection with design, installation and repair of computers, computer software and computer networks.

31. Defendant is infringing upon Geek Squad's registered trademarks, including GEEK SQUAD and WE MAKE HOUSECALLS!.

32. Defendant's use of any one of these trademarks without Geek Squad's permission, consent, or acquiescence is infringement, is deceptive, and is likely to confuse, deceive, or cause mistake.

33. Upon information and belief, defendant's acts described above constitute infringement that is willful, wanton, and with notice of Geek Squad's trademark rights.

34. Geek Squad has suffered injury in an amount to be determined at trial.

Word 20092253.1

## COUNT III

### TRADEMARK DILUTION, 15 U.S.C. § 1125(c)

35. Geek Squad restates and realleges the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

36. Defendant's use in commerce of the Geek Squad marks in connection with its similar service company and in connection with defendant's for-profit activities causes dilution of the distinctive quality of one or more of the Geek Squad marks, in violation of the Federal Trademark Dilution Act, 15 U.S.C § 1125(c).

37. Geek Squad has suffered injury in an amount to be determined at trial.

## COUNT IV

### TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125(a)

38. Geek Squad restates and realleges the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

39. The Geek Squad advertisements, lettering and website design are inherently distinctive and have acquired distinctiveness by its customers as a Geek Squad sponsored entity.

40. The identifying features of the advertisements, lettering and website design are primarily nonfunctional.

41. Due to the similarities between the designs of Geek Squad advertisements, lettering and website design, there is a likelihood of confusion in consumers' minds as to the source of sponsorship of the sites.

42. In addition, the combination of the two Geek Squad marks, GEEK SQUAD and WE MAKE HOUSECALLS! into the defendant's use of the phrase "Geek Housecalls" creates a likelihood of confusion in consumers' minds as to the source of sponsorship of the companies.

Word 20092253.1

43. Defendant's use in commerce of these marks and substantially similar advertisements, lettering and website design in connection with its business infringes on Best Buy's trade dress, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(a).

**PRAYER FOR RELIEF**

**WHEREFORE,** Geek Squad Inc. prays that:

a. Defendant and any agents, servants, employees, or all other persons in active concert or participation with the defendant, be permanently enjoined and restrained from using in connection with any campaign Geek Squad's marks and any other mark that is confusingly similar to Geek Squad's marks, which is likely to dilute the distinctive quality thereof;

b. Defendant be ordered to file with the Court and serve upon Geek Squad within thirty (30) days after the entry and service upon defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which the defendant has undertaken to comply and is complying with the Court's injunction;

c. Geek Squad recover all damages sustained;

d. Geek Squad recover all profits obtained by defendant in connection with the use of the Geek Squad marks;

e. Geek Squad recover its reasonable attorneys' fees;

f. Geek Squad recover the cost of this action, along with pre-judgment and post-judgment interest; and

g. Geek Squad recover such other relief as the Court may deem appropriate in the circumstances.

Word 20092253.1

Dated: May 24, 2004.            ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By _____
Anthony A. Froio
111 Huntington Ave – Suite 1300
Boston, MA  02199
(617) 267-2300

**ATTORNEYS FOR GEEK SQUAD, INC.**

**Of Counsel:**

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Timothy M. Block  (MN Bar # 317950)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel:    (612) 349-8500
Fax:   (612) 339-4181

10

Word 20092253.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Geek Squad, Inc. v. Geek Housecalls, Inc.__

FILED
IN CLERKS OFFICE

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

2004 MAY 24 P 4: 21

U.S. DISTRICT COURT
DISTRICT OF MASS

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

__n/a__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES [ ]   NO [x]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [x]   NO [ ]

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division [x]   Central Division [ ]   Western Division [ ]

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Anthony A. Froio__

ADDRESS __Robins, Kaplan, Miller & Ciresi L.L.P., 111 Huntington Ave., Suite 1300__

TELEPHONE NO. __Boston, MA 02199-7610  (617) 267-2300__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)   CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
GEEK SQUAD, INC., a wholly-owned subsidiary of BEST BUY STORES, L.P.

**DEFENDANTS**
GEEK HOUSECALLS, INC., formerly EHLKE & CO., INC.

(b) County of Residence of First Listed Plaintiff **Hennepin, MN**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Middlesex, MA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robins, Kaplan, Miller & Ciresi L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610   (617) 267-2300

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

(Also: Torts - Personal Injury: ☐ 362 Personal Injury—Med. Malpractice; ☐ 365 Personal Injury—Product Liability; ☐ 368 Asbestos Personal Injury Product Liability; **PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability; Labor: ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act)

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. § 1114, trademark infringement; 15 U.S.C. § 1125, trademark dilution, trade dress infringement

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____