IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEEK SQUAD, INC., a wholly-owned Subsidiary of BEST BUY STORES, L.P., )<br>)<br>) Plaintiff, )<br>)<br>v. )<br>)<br>GEEK HOUSECALLS, INC., )<br>)<br>Defendant. )<br>_____) | Civil Action No. 04-11075 RWZ |

**ANSWER TO COMPLAINT**
**AFFIRMATIVE DEFENSES**
**COUNTERCLAIMS FOR CANCELLATION**
**DEMAND FOR JURY TRIAL**

Defendant, Geek Housecalls, Inc. ("Geek Housecalls") herewith answers the complaint filed by Plaintiff, Geek Squad, Inc. ("Geek Squad") as follows:

**PARTIES AND JURISDICTION**

1. Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations stated in paragraph 1 of the complaint, and therefore denies the same. Geek Housecalls specifically denies that the words "Geek Squad" and "We Make Housecalls" function as trademarks or service marks.

2. Geek Housecalls admits that it is a Massachusetts corporation with its principal place of business at 401 Lowell Street, Suite 2, Lexington, Massachusetts 02420.[1]

---

[1] Geek Housecalls notes that, effective August 1, 2004, its new address will be 7 Cypress Drive, Burlington, MA, 01803.

Page No. 1

Geek Housecalls admits that until February 23, 2002, it was a Massachusetts corporation that was incorporated under the name of Ehlke & Co., Inc. Geek Housecalls admits that it does business in this District and is subject to jurisdiction of this Court. Geek Housecalls denies the remaining allegations stated in paragraph 2 of the Complaint.

3. Geek Housecalls admits the allegations stated in paragraph 3 of the Complaint.

4. Geek Housecalls admits the allegations stated in paragraph 4 of the Complaint.

5. Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations stated in paragraph 5 of the complaint, and therefore denies the same.

6. Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations stated in paragraph 6 of the complaint, and therefore denies the same.

7. Geek Housecalls admits that certified copies of U.S. Reg. Nos. 1,943,643, 2,023,380 and 2,744,658 for Geek Squad and Design showing current status and title were attached to the Complaint. Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations stated in paragraph 7 of the complaint, and therefore denies the same.

8. With respect to the first sentence of numbered paragraph 8 in the complaint, Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Geek Housecalls specifically denies the remaining allegations stated in paragraph 8 of the complaint.

9. Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations stated in paragraph nine of the complaint, and therefore denies the same. Geek Housecalls specifically denies that "We Make Housecalls!" functions as a trademark or service mark.

10. Geek Housecalls admits that Plaintiff refers to the registered Geek Squad marks referenced in paragraph 7 of the Complaint collectively as "the Geek Squad marks." Plaintiff does not specify what is meant by "other marks," so that Geek Housecalls lacks sufficient information to determine what other marks constitute the marks referred to by Plaintiff as "the Geek Squad marks" and therefore denies the remaining allegations stated in paragraph 10. Geek Housecalls specifically denies that its own GEEK HOUSECALLS mark is one of the "Geek Squad" marks.

11. Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations stated in paragraph 11 of the complaint, and therefore denies the same. Geek Housecalls specifically denies that Plaintiff has a family of Geek Squad trademarks.

12. Geek Housecalls denies the allegations stated in paragraph 12 of the complaint.

13. Geek Housecalls denies the allegations stated in paragraph 13 of the complaint.

14. Geek Housecalls admits that it operated under the name Ehlke & Co. beginning in 1999. Geek Housecalls admits it is a computer service company that provides

services related to the design, installation and repair of computers, computer software and computer networks as well as other services. Geek Housecalls admits that it did not use the mark Geek Housecalls prior to July 9, 2001. Geek Housecalls admits that in February 2002, it changed its Articles of Incorporation to rename itself as Geek Housecalls, Inc. Geek Housecalls denies the remaining allegations stated in paragraph 14 of the Complaint.

15. Geek Housecalls denies the allegations stated in paragraph 15 of the complaint. Geek Housecalls specifically denies that it is using any Geek Squad marks.

16. Geek Housecalls denies the allegations stated in paragraph 16 of the Complaint.

17. Geek Housecalls denies the allegations stated in paragraph 17 of the Complaint.

18. Geek Housecalls denies the allegations stated in paragraph 18 of the Complaint.

19. Geek Housecalls denies the allegations stated in paragraph 19 of the Complaint.

20. Geek Housecalls denies the allegations stated in paragraph 20 of the Complaint.

21. Geek Housecalls denies the allegations stated in paragraph 21 of the Complaint.

## COUNT I

22.   Geek Housecalls repeats and realleges all of its responses as stated in paragraphs 1 through 21 of the Answer to the Complaint as if fully set forth herein.

23.   Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations stated in paragraph 23 of the complaint, and therefore denies the same.

24.   Geek Housecalls denies the allegations stated in paragraph 24 of the Complaint.

25.   Geek Housecalls denies the allegations stated in paragraph 25 of the Complaint.

26.   Geek Housecalls denies the allegations stated in paragraph 26 of the Complaint.

27.   Geek Housecalls denies the allegations stated in paragraph 27 of the Complaint.

28.   Geek Housecalls denies the allegations stated in paragraph 28 of the Complaint.

## COUNT II

29.   Geek Housecalls repeats and realleges all of its responses as stated in paragraphs 1 through 21 of the Answer to the Complaint as if fully set forth herein.

30.   Geek Housecalls is without information sufficient to form a belief as to the truth of the allegations stated in paragraph 30 of the complaint, and therefore denies the same.

31.  Geek Housecalls denies the allegations stated in paragraph 31 of the Complaint.

32.  Geek Housecalls denies the allegations stated in paragraph 32 of the Complaint.

33.  Geek Housecalls denies the allegations stated in paragraph 33 of the Complaint.

34.  Geek Housecalls denies the allegations stated in paragraph 34 of the Complaint.

## COUNT III

35.  Geek Housecalls repeats and realleges all of its responses as stated in paragraphs 1 through 21 of the Answer to the Complaint as if fully set forth herein.

36.  Geek Housecalls denies the allegations stated in paragraph 36 of the Complaint.

37.  Geek Housecalls denies the allegations stated in paragraph 37 of the Complaint.

## COUNT IV

38.  Geek Housecalls repeats and realleges all of its responses as stated in paragraphs 1 through 21 of the Answer to the Complaint as if fully set forth herein.

39.  Geek Housecalls denies the allegations stated in paragraph 39 of the complaint.

40. Geek Housecalls denies the allegations stated in paragraph 40 of the complaint.

41. Geek Housecalls denies the allegations stated in paragraph 41 of the Complaint.

42. Geek Housecalls denies the allegations stated in paragraph 42 of the Complaint.

43. Geek Housecalls denies the allegations stated in paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by the equitable defense of laches.

### SECOND AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred by the equitable defenses of acquiescence.

### THIRD AFFIRMATIVE DEFENSE

46. "Geek" is a term widely used by third parties in the computer industry, including as part of the name of companies involved in services of the same type Plaintiff offers, and has become generic in the computer industry for a computer technician. Plaintiff is not entitled to exclusive rights to the term "Geek" for computer-related services.

### FIRST COUNTERCLAIM FOR CANCELLATION

47. Defendant Geek Housecalls, Inc. is a Massachusetts Corporation with its principal place of business at 401 Lowell Street, Suite 2, Lexington, MA.

48. Upon information and belief, Plaintiff Geek Squad, Inc. is a Minnesota Corporation, with its principal place of business in Minneapolis, Minnesota, and is a wholly-owned subsidiary of Best Buy Stores, L.P.

49. Upon information and belief, Plaintiff is the owner of U.S. Service Mark Registration No. 2,744,658 for the word mark GEEK SQUAD, issued July 29, 2003. Registration No. 2,744,658, has been asserted by Plaintiff as one of the grounds for the claims against Geek Housecalls in this proceeding.

50. Geek Housecalls has been and will continue to be damaged by the continued registration of Registration No. 2,744,658 in the United States Patent & Trademark Office ("USPTO").

## JURISDICTION AND VENUE

51. This counterclaim, filed pursuant to 15 U.S.C. §§ 1052, 1064 and 1119, is for cancellation of U.S. Service Mark Registration No. 2,744,658, which registration was granted on July 29, 2003, for the word mark Geek Squad (with no design), on the ground that the term "Geek Squad" is generic and/or merely descriptive of the services recited in the registration, namely, computer installation and repair services in International Class 37 and design of computers, computer software and computer networks, in International Class 42.

52. This Court has subject matter jurisdiction over this counterclaim pursuant to 15 U.S.C. § 1119 and 28 U.S.C. §§ 1331 and 1338.

53. This counterclaim for cancellation of U.S. Service Mark Registration No. 2,744,658, is brought in response to Plaintiffs Complaint for infringement of this federal registration, so this Court has personal jurisdiction over Plaintiff.

54. Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

## **GROUNDS FOR CANCELLATION**

55.     The term "GEEK" is widely recognized and used to refer to someone who is knowledgeable about computers and other technical or scientific fields.  The term "SQUAD" refers to a "small group of people organized in a common endeavor or activity." *The American Heritage Dictionary of the English Lanaguage, Fourth Edition.*  Thus, the combination of the words "Geek Squad" refers to a group of people organized in a common endeavor or activity relating to computers or other technical and scientific fields.

56.     Plaintiff's Geek Squad Registration No. 2,744,658 is for the installation, repair and design of computers, computer software and computer networks.  Plaintiff employs "squads" or groups of people knowledgeable about computers to perform these services.  Thus, the term "Geek Squad" is either generic for a group of persons performing installation, repair and design services of computers, computer software and computer networks, or it is, at least, merely descriptive of such services within the meaning of 15 U.S.C. § 1052(e).

57.     Registration No. 2,744,658 is for the words Geek Squad alone, with no design features or other elements besides the generic or merely descriptive words Geek Squad.

58.     Pursuant to 15 U.S.C. § 1064, a registration can be cancelled at any time if it has become generic term for the goods or services for which it is registered, and a registration can be cancelled within the first five years it is on the Principal Register of the USPTO if it is merely descriptive of the goods or services.  Registration No. 2,744,658 has been registered for less than five years on the Principal Register.

WHEREFORE, Geek Housecalls respectfully prays that this Court order cancellation of Registration No. 2,744,658.

## SECOND COUNTERCLAIM FOR CANCELLATION

59. Geek Housecalls restates and realleges the allegations of paragraphs 48, 49 and 51 of its First Counterclaim for Cancellation, as if fully set forth herein.

60. Upon information and belief, Plaintiff is the owner of U.S. Trademark Registration No. 2,834,408 for the word mark Geek Squad 24 Hour Computer Support Task Force," issued April 20, 2004. Plaintiff refers to "other marks" in paragraph 10 in the Complaint, and on information and belief, the mark registered under Registration No. 2,834,408, is, or will be, one of the "other marks" asserted by Plaintiff as one of the grounds for the claims against Geek Housecalls in this proceeding.

61. Geek Housecalls has been and will continue to be damaged by the continued registration of Registration No. 2,834,408 in the USPTO.

## JURISDICTION AND VENUE

62. This counterclaim, filed pursuant to 15 U.S.C. §§ 1052, 1064 and 1119, is for cancellation of U.S. Service Mark Registration No. 2,834,408, which registration was granted on April 20, 2004, for the words "Geek Squad 24 Hour Computer Support Task Force" (with no design), on the grounds that the term is generic and/or merely descriptive of the services recited in the registration, namely, computer installation and repair services in International Class 37.

63. This Court has subject matter jurisdiction over this counterclaim pursuant to 15 U.S.C. § 1119 and 28 U.S.C. §§ 1331 and 1338.

64. This counterclaim for cancellation of U.S. Service Mark Registration No. 2,834,408, is brought in response to Plaintiffs Complaint for infringement of this federal registration, so this Court has personal jurisdiction over Plaintiff.

65. Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

## **GROUNDS FOR CANCELLATION**

66. The term "GEEK" is widely recognized and used to refer to someone who is knowledgeable about computers and other technical or scientific fields. The term "SQUAD" refers to a "small group of people organized in a common endeavor or activity." *The American Heritage Dictionary of the English Lanaguage, Fourth Edition.* Thus, the combination of the words "Geek Squad" refers to a group of people organized in a common endeavor or activity relating to computers or other technical and scientific fields. The term "24 Hour Computer Support Task Force" refers to a group of people who provide computer support services on a 24-hour basis. Repair and installation are computer support services.

67. Plaintiff's "Geek Squad 24 Hour Computer Support Task Force" Registration No. 2,834,408 is for computer installation and repair services. Plaintiff employs "squads" or groups of people knowledgeable about computers to perform these services on a 24 hour basis. Thus, the term "Geek Squad 24 Hour Computer Support Task Force" is either generic for a group of persons knowledgeable about computers performing installation, repair and design services of computers, computer software and computer networks, or it is, at least merely descriptive of such services with the meaning of 15 U.S.C. § 1052(e).

68. Registration No. 2,834,408 is for the words "Geek Squad 24 Hour Computer Support Task Force" alone, with no design features or other elements besides the generic or merely descriptive words "Geek Squad 24 Hour Computer Support Task Force."

69. Pursuant to 15 U.S.C. § 1064, a registration can be cancelled at any time if it has become generic for the goods or services for which it is registered, and a registration can be cancelled within the first five years it is on the Principal Register of the USPTO if it is

Page No. 11

merely descriptive of the goods or services. Registration No. 2,834,408 has been registered for less than five years on the Principal Register.

WHEREFORE, Geek Housecalls respectfully pray that this Court order cancellation of Registration No. 2,834,408.

## PRAYER FOR RELIEF

WHEREFORE, Geek Housecalls prays that:

a. Plaintiff's request for injunction be denied;

b. Plaintiff's request for damages be denied;

c. Plaintiff's request for all profits obtained by Geek Housecalls in connection with Geek Housecalls' alleged use of Geek Squad marks be denied.

d. That Plaintiff's Registration No. 2,744,658 for "Geek Squad" be cancelled.

e. That Plaintiff's Registration No. 2,834,408 for "Geek Squad 24 Hour Compute Support Task Force" be cancelled.

f. That Geek Housecalls recover its reasonable attorneys fees.

g. That Geek Housecalls recover the cost of this action, along with prejudgment and post judgment interest.

h. That Geek Housecalls recover such other relief as the court may deem appropriate in this circumstances.

## DEMAND FOR JURY TRIAL

Geek Housecalls demands a trial by jury for all issues that are so triable.

GEEK HOUSECALLS, INC,
By its attorneys:

Date: July 16, 2004

*[signature]*

John P. Iwanicki, BBO #556465
Ernest V. Linek, BBO #543985
Banner & Witcoff, Ltd.
28 State Street, 28th Floor
Boston, Massachusetts 02109-1775
Tel: (617) 720-9600
Fax: (617) 720-9601
Email: jiwanicki@bannerwitcoff.com
Email: elinek@bannerwitcoff.com

ATTORNEYS FOR GEEK HOUSECALLS, INC.

Of Counsel:

Helen Hill Minsker
DC Bar# 414000
Banner & Witcoff, LTD
1001 G Street, N.W.
11th Floor
Washington, D.C. 20001-4597
Tel: (202) 824-3000
Fax: (202) 824-3001
Email: hminsker@bannerwitcoff.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served by mail, first-class postage prepaid upon counsel for the plaintiff addressed to:

Anthony A. Froio
Benjamin Stevenson
Robins, Kaplan, Miller & Ciresi, L.L.P.
111 HUNTINGTON AVENUE
Boston, MA 02199
Tel: 617-267-2300
E-mail: aafroio@rkmc.com

Page No. 13

                    Timothy M. Block
                    Robins, Kaplan, Miller & Ciresi LLP
                    2800 LaSalle Plaza
                    800 LaSalle Avenue
                    Minneapolis, MN 55402
                    Tel.: 612-349-8500

Date: July 16, 2004                     _[signature]_



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

28 STATE STREET
28TH FLOOR
BOSTON, MASSACHUSETTS 02109

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

July 16, 2004

**VIA HAND DELIVERY**

Clerk of the Court
United States District Court
One Courthouse Way
Boston, Massachusetts 02110

Re: *Geek Squad, Inc. v. Geek Housecalls, Inc.*
Civil Action No. 04-11075-RWZ
Our File No. 006277.00001

Dear Sir/Madam:

Enclosed for filing in the above-captioned action, please find the original and one copy of the following document, filed on behalf of the Defendant, Geek Housecalls, Inc.:

Answer to Complaint, Affirmative Defenses, Counterclaims
for Cancellation and Demand for Jury Trial

Please date stamp and return the copies to us. Thank you for your assistance in this matter.

Sincerely,

Ernest V. Linek
BBO No. 543985

EVL/mmi
Enclosure

CHICAGO
WASHINGTON, D.C.
BOSTON
PORTLAND, OR.