## IN THE UNITED STATE DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x

GEEK SQUAD, INC., a wholly-owned subsidiary
of BEST BUY STORES, L.P.,

                   Plaintiff,

v.

GEEK HOUSECALLS, INC.,  formally
EHLKE & CO., INC.

                  Defendant.

Civil Action No. 04 11075 RWZ

-----------------------------------------------------------x

### REPLY OF PLAINTIFF GEEK SQUAD, INC.
### TO DEFENDANT'S COUNTERCLAIMS

Plaintiff Geek Squad, Inc. ("Geek Squad") herewith files its reply to the Counterclaims (the "Counterclaims") of defendant Geek Housecalls, Inc. ("Geek Housecalls") as follows:

### FIRST COUNTERCLAIM FOR CANCELLATION

47.    Upon information and belief, Geek Squad admits the allegations contained in paragraph 47 of Geek Housecalls' Counterclaims.

48.    Geek Squad admits the allegations contained in paragraph 48 of Geek Housecalls' Counterclaims.

49.    Geek Squad admits the allegations contained in paragraph 49 of Geek Housecalls' Counterclaims.

50.    Geek Squad denies the allegations contained in paragraph 50 of Geek Housecalls' Counterclaims.

JURISDICTION AND VENUE

51.    Geek Squad admits only that Geek Housecalls has filed a counterclaim pursuant to 15 U.S.C. §§ 1052, 1064, and 1119 for cancellation of U.S. Service Mark Registration No. 2,744,658, but denies that the term "Geek Squad" is generic and/or merely descriptive of the services recited in the Registration, and denies that such relief should be granted. Geek Squad denies the remainder of the allegations contained in paragraph 51 of Geek Housecalls' Counterclaims.

52.    Geek Squad admits the allegations contained in paragraph 52 of the Counterclaims.

53.    Geek Squad admits the allegations contained in paragraph 53 of the Counterclaims.

54.    Geek Squad admits the allegations contained in paragraph 54 of the Counterclaims.

GROUNDS FOR CANCELLATION

55.    Geek Squad admits only that Geek Housecalls has accurately set forth one definition of the term "SQUAD" in paragraph 55 of its Counterclaims. Geek Squad denies the remainder of the allegations contained in paragraph 55 of the Counterclaims.

56.    Geek Squad admits only that its Registration No. 2,744,658 is for computer installation and repair, and design of computers, computer software and computer networks, and that it employs people knowledgeable about computers to perform the services that it provides. Geek Squad denies the remaining allegations contained in paragraph 56 of the Counterclaims.

57.    Geek Squad admits only that Registration No. 2,744,658 is for the words "Geek Squad," with no design features.  Geek Squad denies the remaining allegations contained in paragraph 57 of the Counterclaims.

58.    Geek Squad admits only that Registration No. 2,744,658 has been registered for less than five years on the Principal Register.  Geek Squad denies that Registration No. 2,744,658 should or can be cancelled on the grounds that it is merely descriptive of goods or services.  Geek Squad denies the remainder of the allegations contained in paragraph 58 of the Counterclaims.

## SECOND COUNTERCLAIM FOR CANCELLATION

59.    Geek Squad restates and realleges its responses to paragraphs 48, 49, and 51 of the Counterclaims.

60.    Geek Squad admits that it is the owner of U.S. Trademark Registration No. 2,834,408 for the word mark "Geek Squad 24 Hour Computer Support Task Force," and that the registration was issued April 20, 2004.  Geek Squad further admits that it referenced "other marks" in paragraph 10 of the Complaint.  Geek Squad denies that it has asserted any claims against Geek Housecalls in connection with this mark.  Geek Squad denies the remainder of the allegations contained in paragraph 60 of the Counterclaims.

61.    Geek Squad denies the allegations contained in paragraph 61 of the Counterclaims.

### JURISDICTION AND VENUE

62.    Geek Squad admits only that Geek Housecalls has filed a counterclaim pursuant to 15 U.S.C. §§ 1052, 1064,  and 1119 for cancellation of U.S. Service Mark

3

Registration No. 2,884,408, but denies that the term "Geek Squad" is generic and/or merely descriptive of the services recited in the Registration, and denies that such relief should be granted. Geek Squad denies the remainder of the allegations contained in paragraph 58 of the Counterclaims.

63.     Geek Squad denies the allegations contained in paragraph 63 of the Counterclaims.

64.     Geek Squad admits only that the Court has personal jurisdiction over it. Geek Squad denies the remainder of the allegations contained in paragraph 64 of the Counterclaims.

65.     Geek Squad admits that if jurisdiction is proper, venue is proper in this matter.

## GROUNDS FOR CANCELLATION

66.     Geek Squad admits only that Geek Housecalls has accurately set forth one definition of the term "SQUAD" in paragraph 66 of its Counterclaims. Geek Squad denies the remainder of the allegations contained in paragraph 66 of the Counterclaims.

67.     Geek Squad admits only that its Registration No. 2,834,408 is for computer installation and repair, and design of computers, computer software and computer networks, and that it employs people knowledgeable about computers to perform the services that it provides. Geek Squad denies the remaining allegations contained in paragraph 67 of the Counterclaims.

68.     Geek Squad admits only that Registration No. 2,834,408 is for the words "Geek Squad 24 Hour Computer Support Task Force" alone, with no design features.

4

Geek Squad denies the remainder of the allegations contained in paragraph 68 of the Counterclaims.

69.    Geek Squad admits only that Registration No. 2,744,658 has been registered for less than five years on the Principal Register. Geek Squad denies that Registration No. 2,744,658 should or can be cancelled on the grounds that it is merely descriptive of goods or services. Geek Squad denies the remainder of the allegations contained in paragraph 69 of the counterclaims.

WHEREFORE, Geek Squad prays that:

A.    Geek Housecalls' request that this Court order cancellation of Registration Nos. 2,744,658 and 2,834,408 be denied, with prejudice;

B.    For all other relief the Court deems just and proper.

Dated:  August 10, 2004

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

Anthony A. Froio (BBO#: 554708)
111 Huntington Avenue, Suite 1300
Boston, MA  02199-7610
Tel:  (617) 267-2300
**ATTORNEYS FOR GEEK SQUAD, INC.**

**Of Counsel:**
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Timothy M. Block  (MN Bar #317950)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
Tel:  612-349-8500

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing document was served by first-class mail, postage prepaid, upon all counsel of record.

Anthony A. Froio

5